JAMES H. DUDLEY & al. versus INHAB'TS OF BUCKFIELD.

A sale of liquors was made in Boston to the selectmen of a town in this State, by the plaintiffs, who were not licensed to sell by the laws of Massachusetts; in their action against the town to recover payment therefor, — it was held, that an action could not be maintained, notwithstanding the town was by statutes of this State authorized to purchase.

ON STATEMENT OF FACTS.

This was an action of ASSUMPSIT to recover the price of intoxicating liquors.

The liquors were sold in Boston, Massachusetts, by the plaintiffs to the selectmen of Buckfield, who purchased them for that town in their official capacity. It was known to the venders and vendees, at the time, that they were to be carried out of that State and for sale in this State.

The laws of Maine and Massachusetts, regulating the sale of spirituous liquors, may be referred to. At the time of such sale to the defendants, it is admitted that the plaintiffs had no license to sell intoxicating liquors, under the laws of Massachusetts, c. 86 of 1860, R. S. It is further admitted by the plaintiffs, that the liquors sued for in this suit were not all imported, nor were they sold in the original importation packages.

*Howard & Strout*, for the plaintiffs.

*S. C. Andrews*, for the defendants.

The opinion of the Court was drawn up by

APPLETON, C. J. — This is an action of assumpsit to recover the price of a quantity of intoxicating liquors sold the selectmen of the defendant town, who purchased them in their official capacity. The kind of liquors sold is not stated. It was conceded the liquors were not all imported, nor sold in the original importation packages.

The sale was made in Boston. By R. S. of Massachusetts, of 1860, c. 86, § 28, all sales of intoxicating liquors

Dudley *v.* Inhabitants of Buckfield.

are prohibited except by persons duly authorized under the provisions of that chapter. It is said by the Supreme Court of that State, in *Wilson* v. *Melvin*, 13 Gray, 73, that "there is no legal presumption that the sale is unlawful, and there should hardly be, in favor of a defendant who has joined in the contract. As against the Commonwealth, the Legislature have required that the defendant, in a criminal prosecution, shall prove the authority under which he acts, when charged with a violation of the statutes prohibiting the unlicensed sale of intoxicating liquors; stat. 1844, c. 102; but they have imposed no su h obligation upon parties, who seek the enforcement of contracts." If this rule is deemed applicable to the statute of 1860, it cannot avail the plaintiffs, as the case finds that *they had no license to sell.* Nor can the purpose, however legitimate, for which they were purchased, confer upon them that authority to sell, which they so much need to entitle them to recover.

By the Act of 1858, c. 33, § 5, the selectmen of any town "may purchase such quantity of intoxicating liquors as may be necessary to be sold under the provisions of this Act, and shall appoint some suitable person to sell the same at some convenient place within said town or city, to be used for medicinal, mechanical and manufacturing purposes, and no other." As the purchase was made by the selectmen in their official capacity, we must presume it strictly within the authority conferred upon them. Hence, although, by § 27 of the statute of Massachusetts, "any person may manufacture or sell cider for other purposes than that of a beverage, and unadulterated wine for sacramental purposes," we cannot assume, in the absence of all proof, that the selectmen purchased for such limited purposes—and when such purchase would not be in accordance with the statute under which they acted. *Plaintiffs nonsuit.*

Rice, Cutting, Kent and Walton, JJ., concurred.